UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NEIGHBORHOOD ENTERPRISES, INC., et al., | ) ) ) | |
| Petitioners, | ) ) ) | |
| vs. | ) ) | Case No. 4:07CV1505 HEA |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) | |
| Respondents, | ) ) ) | |
| and | ) ) | |
| NEIGHBORHOOD ENTERPRISES, INC., et al., | ) ) ) ) | |
| Petitioners, | ) ) ) | |
| vs. | ) ) ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) | |
| Respondents. | ) ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Respondents' Motions to Dismiss, [Doc. 5 in Cause Number 4:07CV1505 HEA and Doc. 11 in Cause Number 4:07CV1546 HEA]. Petitioners oppose both motions. For the reasons set forth below, the motion in Cause Number 4:07CV1505 HEA is granted; the motion in Cause

Number 4:07CV1545 HEA is granted in part and denied in part.

**Facts and Background[1]**

Petitioners brought two actions. In the first action, Cause Number 4:07CV1505 HEA, Petitioners seek declaratory and injunctive relief against the City of St. Louis, the St. Louis Development Corporation, (SLDC) the Land Clearance for Redevelopment Authority, (LCRA), the Land Clearance for Redevelopment Authority Board of Commissioners, Judith Doss, Chris Goodson, Artie Whitmore, Matthew S. McBride, and Rodney Williams, in their official capacity as members of the LCRA Board of Commissioners, and Rodney Crim, in his official capacity as Executive Director of the LCRA and the SLDC.

Sanctuary In the Ordinary, (SITO), is a 501(c)(3) not-for-profit corporation. Its purpose is to make low-income housing available to persons in need in the St. Louis area. SITO buys and holds residential properties in St. Louis. Neighborhood Enterprises, Incorporated is a housing management business. It develops and manages the properties owned by SITO.

In this Complaint, Petitioners claim that the City of St. Louis, in conjunction with the LCRA and various other SLDC authorities, used the power of eminent

---

[1] The facts stated herein are taken from Petitioners' Complaints. The recitation of these facts is for the purpose of this Order only and in no way relieves any party of necessary proof of any fact in later proceedings.

domain to condemn 24 buildings owned by Petitioner SITO. To protest the condemnation, Petitioners painted the side of one of the buildings owned by SITO, located at 1806-08 S. 13th Street, St. Louis, Missouri, with a "mural" consisting of a red circle with a slash over the words "End Eminent Domain Abuse" in the circle. The City's Department of Public Safety, Division of Building and Inspection, issued to SITO, care of Neighborhood Enterprises, a citation for an "illegal sign" located at 1806-08 S. 13th Street. The citation claimed that permits must be acquired for "signs" of this type.

Petitioner Neighborhood Enterprises filed a complete sign permit application with the City's Division of Building and Inspection. Thereafter, Susan Taylor, an employee of the LCRA, wrote to Lyle Maniger in the City's Division of Building and Inspection to state that the sign permit did not have LCRA approval because it ran afoul of sign regulations contained in a City Redevelopment Plan (No. 9088) laid out in Ordinance No. 64831.[2] The letter also stated that the applicant may contest this "denial" at either the 5/22 or 6/26 LCRA Board meeting."[3] Petitioners state that the LCRA has no power to grant or deny sign permit applications in the

---

[2] In 1999, the City enacted Ordinance 64831, which declared a 219 acre area of St. Louis "blighted." The area, which is known as "Redevelopment Area No. 9088 includes 1806-08 S. 13th Street.

[3] A courtesy copy of this letter was sent to Neighborhood Enterprises.

City of St. Louis.

Mary Hart Burton, of the City's Division of Building and Inspection, wrote to Neighborhood Enterprises to state that the sign permit application was denied because it did not meet certain requirements set out in the City Zoning Code. The letter informed Neighborhood Enterprises that it could appeal the denial to the City's Board of Adjustment.

Petitioners filed an appeal with the Secretary for the Board of Adjustment. The Board upheld the Building and Inspection's denial of the permit.[4]

Petitioners also appeared at the LCRA Board meeting to "appeal" LCRA's "denial" of the sign permit application. At the meeting, the LCRA Board resolved to "deny" Petitioners sign permit application because the sign violated Ordinance No. 64831, as well as unspecified provisions of the City Zoning Code.

Petitioners allege that the SLDC, the LCRA and the LCRA Board are all "agencies" within the meaning of the Missouri Administrative Procedure Act pursuant to § 536.010(2) of the Missouri Revised Statutes. Further, Petitioners claim that the LCRA Board's resolution represented the final decision of the SLDC, the LCRA and the LCRA Board and that the ultimate denial of the sign permit

---

[4] This denial is the subject of the second suit filed by Petitioners, Cause Number 4:07CV1546 HEA, which is discussed further *infra*.

application was a contested case.

Petitioners seek administrative review of the Board's decision. They claim that the Board's decision was in excess of its statutory authority and jurisdiction under §§ 536.140.2(1),(2), (3), (5) of the RSMo. Petitioners allege that the LCRA and its Board of Commissioners had no authority to grant, deny or otherwise act on sign permit applications; that the decision was made based on unlawful procedure because the LCRA had no jurisdiction over the case; that the decision was made based upon unlawful procedure because the LCRA did not follow the requirements of the Missouri Administrative Procedure Act; that the decision was unconstitutional because it violated the due process protections provided by the U.S. and Missouri Constitutions; that the decision was unconstitutional because it violated the Free Speech protections provided by the U.S. and Missouri Constitutions; that the LCRA Board of Commissioners' decision was without support by competent and substantial evidence on the record as a whole; and that the LCRA Board of Commissioners's decision was arbitrary, capricious and unreasonable.

Petitioners also seek recovery pursuant to 42 U.S.C. § 1983 for alleged violations of their free speech rights under the U.S. and Missouri Constitutions and for violations of their due process rights under the U.S. and Missouri Constitutions.

Cause Number 07CV1546 HEA is a Petition for Writ of Certiorari and Civil

Rights Complaint for Injunctive Relief brought against the City of St. Louis, the St. Louis Board of Adjustment, the individual members of the Board of Adjustment, in their official capacity, and Mary Hart Burton, in her official capacity as the Zoning Administrator for the City. The facts alleged in this Petition are the same as in Cause Number 4:07CV1505 HEA. This Petition alleges that the decision by the Board of Adjustment was illegal because the Board utilized a facially unconstitutional Zoning Code to limit Petitioners' Freedom of Speech in violation of the United States and Missouri Constitutions; the decision was unconstitutional as applied in violation of the United States and Missouri Constitutions; the decision was illegal because it was an illegal exercise of prior restraints, in violation of the United States and Missouri Constitutions; that the decision was illegal because it deprived Petitioners of equal protection under the law, in violation of the Fourteenth Amendment of the U.S. Constitution.

Petitioners also seek recovery pursuant to 42 U.S.C. § 1983 for alleged violations of their free speech rights under the U.S. and Missouri Constitutions and for violations of their due process rights under the U.S. and Missouri Constitutions.

## **Discussion Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint. On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355

U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a

motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.' *Abels,* 259 F.3d at 921").

**Motion to Dismiss Cause Number 4:07CV1505 HEA**

Respondents move to dismiss Cause Number 4:07CV1505 HEA because the Resolution passed by the LCRA Board was not a final decision entitled to judicial review, nor was it a decision that determined the legal rights, duties or privileges of any person. As such, Respondents argue that Petitioner fails to state a claim upon which relief can be granted.

Petitioners filed this action under the Missouri Administrative Procedures Act, (MAPA) for judicial review of the LCRA and the LCRA Board's "denial" of the sign permit. MAPA defines a contested case as "a proceeding before an agency

in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing." 536.01, RSMo. Petitioners contend that the procedures required to occur during a contested case pursuant to MAPA were not followed.

Respondents argue in support of dismissal that the LCRA is not required under any law to hold a hearing nor was the Resolution that LCRA passed final in any respect because the permit application still had to be reviewed by other City entities before final decision was rendered. In response, Petitioners contend that they need not take additional administrative steps before filing this action because they took the appropriate steps in seeking review: SITO filed its permit application with the Department of Building and Inspection, appealed the denial to the Board of Adjustment and thereafter sought judicial review of the ultimate denial by the Board of Adjustment. This, Petitioners argue was the appropriate exhaustion of administrative remedies.

The fatal error of Petitioners' argument is clearly evident. Petitioners were allegedly aggrieved by the denial of the permit. The procedures Petitioners followed with respect to the application of the permit with the Department of Building and Inspection, and the appeal of the denial glaringly demonstrate that the proper entity to this suit is Department of Building and Inspection, *i.e.*, the agency which has the

authority to determine Petitioners' rights, *to wit,* whether to issue the sign permit. Petitioners were allegedly harmed by the denial of the sign permit. While the actions of the LCRA may provide evidence to support Petitioners' claims, the LCRA was not the entity which could make the determination as to whether a permit should be issued. The Department of Building and Inspection, which has been sued in Cause Number 4:07CV1546 HEA, is the agency which made the decision to deny the permit. Thus, there is no cause of action against the LCRA or its Board members for denying a permit because neither had the authority to grant nor deny such a permit. Their suit against the LCRA and its Board members nothing more than a complaint against the input to the Department of Building. Although Petitioners seek recovery from the Respondents in Cause Number 4:07CV1505 HEA, the recovery they seek would be meaningless in that none of the Respondents, (with the exception of possible recovery from the City of St. Louis, which is also a Respondent in Cause Number 4:07CV1546 HEA, and therefore this action as to the City is duplicitous), has the authority to satisfy the relief Petitioners seek.

Likewise, Petitioners' constitutional and civil rights allegations against the St. Louis Development Corporation, the Land Clearance for Redevelopment Authority, (LCRA), the Land Clearance for Redevelopment Authority Board of

Commissioners, Judith Doss, Chris Goodson, Artie Whitmore, Matthew S. McBride, and Rodney Williams, in their official capacity as members of the LCRA Board of Commissioners, and Rodney Crim, in his official capacity as Executive Director of the LCRA and the SLDC fail because none of these entities or individuals in their official capacities made the final decision to deny the sign permit.

Cause Number 4:07CV1505 fails to state a claim upon which relief may be granted. Dismissal is therefore appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Motion to Dismiss Cause Number 4:07CV1546

Respondents, the City of St. Louis, Shari Cunningham, George Hitt, Joe Klitzing, Irene Soll, and John Caruso, in their official capacity as members of the Board of Adjustment, and Mary Hart Burton, in her official capacity as the St. Louis Zoning Administrator, move to dismiss Cause Number 4:07CV1546 HEA on the grounds that the Petition for Writ of Certiorari and Civil Rights Complaint for Declaratory and Injunctive Relief fails to sufficiently state a cause of action.

As to the individuals in their official capacities, Respondents correctly argue that an official capacity suit is the same as a suit against the entity, in this case, the Board of Adjustment. "A suit against a governmental actor in his official capacity is

treated as a suit against the governmental entity itself. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985))." *Brockinton v. City of Sherwood*, *AR* 2007 WL 2873564, *5 (8th Cir. 2007). Because the Board of Adjustment is a named party, the individual board members should be dismissed.[5]

Mary Hart Burton is sued in her individual capacity as Zoning Administrator. Petitioners argue that she should not be dismissed based on the Board of Adjustment being named as a party because she is not a member of the Board. This argument, however, continues to ignore the obvious. The entity which denied Petitioners application for a sign permit was indeed the Department of Building and Inspection and the denial was upheld by the Board. Therefore, the proper party, according to the facts as alleged in the Petition, is the Board. While Burton's actions may provide support for Petitioners' action against the Board, there are no allegations in the Petition which state a claim against Burton in her official capacity.

With respect to the City of St. Louis, Respondents contend that the sole allegation against the City is that it is a municipal corporation. Respondents claim that this is insufficient to maintain an action against the City.

---

[5] The Court is unpersuaded by Petitioners' argument that other jurisdictions have refused to dismiss individuals in their official capacities because their presence in the suit in such capacities will provide "accountability."

Petitioners argue that they have indeed included allegations sufficient to state a claim against the City of St. Louis. Petitioners are challenging the constitutionality of the City's Zoning Code. As such, the City is a proper party.

> Both Section 527.110 RSMo 2000 and Rule 87.04 provide, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." The statute and rule further mandate that "[i]n any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party...." This proceeding for declaratory judgment and injunctive relief was entirely predicated on a constitutional attack on the City Charter. The City of St. Louis, however, was not made a party to the proceeding. The City of St. Louis had an obvious interest in any judicial declaration regarding its charter, rendering it an indispensable party to the circuit-court proceeding. The presence of an indispensable party is a jurisdictional requirement. *See Eastern Missouri Laborers' District Council v. City of St. Louis,* 951 S.W.2d 654, 656 (Mo.App. E.D.1997).

*Bauer v. Board of Election Com'rs* 198 S.W.3d 161, 164 (Mo.App. 2006).(footnotes omitted). The motion as to the City will therefore be denied.

## **Conclusion**

As discussed herein, the Motion to Dismiss in Cause Number 4:07CV1505 HEA is well taken, and this action is dismissed pursuant to Rule 12(b)(6).

The individuals named in Cause Number 4:07CV1546 HEA are also dismissed because the action is only as to the individuals in their individual

capacities and the Board of Adjustment has been named as a party. The City of St. Louis is a proper party, and therefore the Motion to Dismiss it is denied as to City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. 5 in Cause Number 4:07CV1505 HEA] is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Dismiss, [Doc. 11 in Cause Number 4:07CV1546 HEA] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Shari Cunningham, George Hitt, Joe Klitzing, Irene Soll, and John Caruso, in their official capacity as members of the Board of Adjustment, and Mary Hart Burton, in her official capacity as the St. Louis Zoning Administrator are dismissed from this action.

**IT IS FURTHER ORDERED** that all Cause Number 4:07CV1546 HEA is no longer consolidated with Cause Number 4:07CV1505 HEA. The Clerk of the Court shall reopen Cause Number 4:07CV1546 HEA and all further pleadings shall be made with this Cause Number.

Dated this 5th day of November , 2007.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE